## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2019, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas F. Little
Power, Little, Little & Little
Frankfort, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Albert Thomas Thorne, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 28, 2019

Court of Appeals Case No.
19A-CR-320

Appeal from the Clinton Superior
Court

The Honorable Justin H. Hunter,
Judge

Trial Court Cause No.
12D01-1808-F2-1194

**Friedlander, Senior Judge.**

[1]     Albert Thorne, III brings this interlocutory appeal from the trial court's denial of his motion to suppress.  We reverse and remand.

[2] On August 30, 2018, Officer Pickrell was on patrol and saw Thorne and Jennifer Eason walking down the street. Officer Pickrell was familiar with Thorne from prior incidents, and, upon seeing Thorne, the officer ran Thorne's name through the computer system. The search revealed that there was an outstanding warrant for Thorne, so the officer radioed dispatch to confirm the warrant. After confirming only that the name on the warrant matched Thorne's and without reviewing any of the information in the warrant or waiting for a response from dispatch, Officer Pickrell turned his car around, pulled up behind Thorne and Eason, and asked them to stop. Thorne continued walking away. Officer Pickrell instructed him several times to stop, but Thorne yelled at the officer and then ran off. The officer ran after Thorne, and, when he caught up with Thorne, a struggle ensued. Thorne was eventually taken into custody, at which time the backpack he was carrying was searched and found to contain a syringe, two clear plastic bags that contained a white powdery substance, and a marijuana cigarette. The white powdery substance field tested positive for methamphetamine. While still at the scene but after Thorne was in custody, Officer Pickrell received information from dispatch that the warrant was from New Mexico and was non-extraditable.

[3] Based upon this incident, Thorne was charged with dealing in methamphetamine, a Level 2 felony;[1] possession of methamphetamine, a Level

---

[1] Ind. Code § 35-48-4-1.1 (2017).

3 felony;[2] battery against a public safety official, a Level 6 felony;[3] unlawful possession of syringe, a Level 6 felony;[4] resisting law enforcement, a Class A misdemeanor;[5] possession of marijuana, a Class B misdemeanor;[6] and with being an habitual offender.[7]  Thorne filed a motion to suppress the evidence found in his backpack.  Following a hearing, the trial court entered it findings and order denying the motion, and Thorne pursued this interlocutory appeal.

[4]     When reviewing a trial court's denial of a defendant's motion to suppress, we view conflicting factual evidence in the light most favorable to the ruling; yet, we also consider substantial and uncontested evidence favorable to the defendant.  *Wertz v. State*, 41 N.E.3d 276 (Ind. Ct. App. 2015), *trans. denied*. Nevertheless, the constitutionality of a search or seizure is a question of law, which we review de novo.  *Id.*

[5]     Permissible under the Fourth Amendment's protection against unreasonable searches and seizures is the *Terry* stop.  A *Terry* stop allows an officer to briefly stop an individual for investigatory purposes if, based upon specific, articulable facts, the officer has a reasonable suspicion that "criminal activity may be

---

[2] Ind. Code § 35-48-4-6.1 (2014).

[3] Ind. Code § 35-42-2-1 (2018).

[4] Ind. Code § 16-42-19-18 (2015).

[5] Ind. Code § 35-44.1-3-1 (2016).

[6] Ind. Code § 35-48-4-11 (2018).

[7] Ind. Code § 35-50-2-8 (2017).

afoot." *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). This includes reasonable grounds to believe that the individual is wanted for past criminal conduct. *U.S. v. Hensley*, 469 U.S. 221, 105 S. Ct. 675, 83 L. Ed. 2d 604 (1985). Reasonable suspicion entails at least a minimal level of objective justification that is more than an unparticularized suspicion or hunch. *State v. Campbell*, 905 N.E.2d 51 (Ind. Ct. App. 2009), *trans. denied*. However, the reasonable suspicion necessary for a *Terry* stop need not rise to the level of suspicion required for probable cause. *Id.* Whether the officer's suspicion was reasonable is a fact-sensitive inquiry that must be determined on a case-by-case basis by considering the totality of the circumstances. *Rutledge v. State*, 28 N.E.3d 281 (Ind. Ct. App. 2015). In assessing the reasonableness of investigatory stops, courts must strike "a balance between the public interest and the individual's right to personal security free from arbitrary interference by law [enforcement] officers." *Carter v. State*, 692 N.E.2d 464, 466 (Ind. Ct. App. 1997). When a defendant challenges the constitutionality of the gathering of evidence, the State bears the burden of proving the evidence was admissible. *Greeno v. State*, 861 N.E.2d 1232 (Ind. Ct. App. 2007).

[6] Here, Thorne asserts that it was unreasonable for Officer Pickrell to confirm only his name on the warrant and to neglect to review the remainder of the information or to wait for confirmation from dispatch before attempting to detain him. The State, on the other hand, argues that the fact that there was a warrant and that the name on the warrant matched Thorne's was enough to permit an investigatory stop.

Consideration of the constitutionality of an investigatory stop of an individual involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty. *Brown v. Texas*, 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979). A central concern in balancing these competing considerations is to ensure that an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field. *Id.*

Moreover, the factors in the balance may be somewhat different when a stop to investigate past criminal activity is involved rather than a stop to investigate ongoing criminal conduct. *Hensley*, 469 U.S. 221. For instance, a stop to investigate an already completed crime does not necessarily promote the interest of crime prevention as directly as a stop to investigate suspected ongoing criminal activity. *Id.* Similarly, the exigent circumstances which require a police officer to step in before a crime is committed or while it is in progress are not necessarily as pressing when the crime has been completed. *Id.* In addition, "[p]ublic safety may be less threatened by a suspect in a past crime who now appears to be going about his lawful business than it is by a suspect who is currently in the process of violating the law." *Id.* at 228. Finally, officers making a stop to investigate a past crime may have "a wider range of opportunity to choose the time and circumstances of the stop." *Id.* at 228-29.

Here, the record reveals that when Officer Pickrell saw Thorne, he was walking down the street, and the officer had no suspicion that Thorne was engaged in

any criminal activity. Tr. p. 12. Upon seeing Thorne, Officer Pickrell performed a search in his computer and received a "very vague hit" indicating a warrant for Thorne. *Id.* at 8. Officer Pickrell testified at the suppression hearing that he confirmed only that the name on the warrant matched Thorne's name. He further testified that there was additional information in the warrant that he did not read. Although he contacted dispatch to confirm the warrant, he testified that he did not wait for dispatch to get back with him before he attempted to detain Thorne. Upon questioning by the court as to whether the warrant details were included in the result from the initial computer search and overlooked, or whether the information had to be obtained from dispatch, Officer Pickrell responded that after the incident he ran the search again and noticed that in the "notes" section of the result it indicated whether the warrant was extraditable. *Id.* at 20. Officer Pickrell testified that, had he known the warrant was non-extraditable, he would not have stopped Thorne.

[10] Examining the factors to be balanced, we note that Officer Pickrell had no suspicion of any criminal activity by Thorne; therefore, there was no ongoing or in-progress criminal activity that would be prevented by his immediate detention. In addition, there were no exigent circumstances or threat to public safety requiring police intervention. Most notable is that in dealing with a past crime, Officer Pickrell had more opportunity to review relevant information before making a stop.

[11] Furthermore, this case does not involve a mistake of fact upon which the officer reasonably relied. *See State v. Stevens*, 33 N.E.3d 1200 (Ind. Ct. App. 2015)

(stating that good faith exception applies in situations where warrant contains defect upon which officer reasonably relies), *trans. denied*; *see also Dowdy v. State*, 83 N.E.3d 755 (Ind. Ct. App. 2017) (stating that even assuming officer was ultimately mistaken, traffic stop was based upon good faith belief that infraction occurred based upon BMV information). Here, the information in the warrant was accurate. Nevertheless, Officer Pickrell failed to exercise due diligence when he neglected to review the information in the search result.

[12] "The ultimate touchstone of the Fourth Amendment is reasonableness." *Wertz*, 41 N.E.3d at 279. In assessing the reasonableness of a search or seizure in light of the particular circumstances, it is imperative that the facts be judged against this objective standard: would the facts available to the officer at the moment of the search or seizure cause a person of reasonable caution to believe that the action taken was appropriate. *Terry*, 392 U.S. 1. Anything less invites intrusion upon constitutionally guaranteed rights. *Id.* Stated another way, evidence should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search or seizure was unconstitutional under the Fourth Amendment. *Shotts v. State*, 925 N.E.2d 719 (Ind. 2010). The facts that were available to Officer Pickrell before he attempted to detain Thorne were that the warrant was non-extraditable; yet, he failed to review that information. Under these circumstances, Officer Pickrell may properly be charged with knowledge of such facts. Consequently, he did not have reasonable suspicion to stop Thorne, and the ensuing search of Thorne's backpack was illegal.

Thus, under the unique facts and circumstances before us, we conclude that the trial court abused its discretion in denying Thorne's motion to suppress. We accordingly reverse the trial court's order and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings consistent with this opinion.

Crone, J., and Tavitas, J., concur.